UNITED STATES of America, Appellee,

v.

Ciriaco SEBALLO, Defendant–Appellant.

No. 07–2110–cr.

United States Court of Appeals, Second Circuit.

July 24, 2008.

Yuanchung Lee, Federal Defenders of New York, Inc., for Defendant–Appellant.

Arianna R. Berg, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, for Appellee.

Present: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant was sentenced to 57 months in prison after being convicted, upon his guilty plea, of one count of illegally reentering and being found in the United States following deportation subsequent to a conviction for an aggravated felony. He now appeals, claiming that the district court (Daniels, J.) was guided by the wrong legal standard. According to the defendant, the court erred in sentencing him by employing the appellate standard of reasonableness instead of following the parsimony clause of 18 U.S.C. § 3553(a), which requires that a sentence be "sufficient, but not greater than necessary."

However, in *United States v. Williams,* we noted that the use of the word "reasonable" at sentencing does not automatically create reversible error. 475 F.3d 468, 477 (2d Cir.2007). In determining whether the district court adhered to the appropriate legal standard, the critical issue is whether the court understood its obligation to impose a sentence that was no greater than necessary, not what specific language the court used. *Id.*

It is clear from the sentencing transcript that the district court here properly understood the governing standard and applied it. The court's obligation to impose the lowest sufficient sentence was the basis for the defendant's argument that a non-Guidelines sentence was appropriate, and whether the Guidelines sentence was greater than necessary was the only issue before the court That the court chose not to consider the charges still pending against the defendant as an aggravating factor but decided that a Guidelines sentence was nevertheless warranted given the defendant's criminal record, type of criminal record, and the significant time he had previously served demonstrates that the court understood § 3553(a)'s dictate. Moreover, the court explicitly stated that it "considered all of the factors in 18 U.S.C. § 3553(a) in this case" as well as "the arguments made in writing by the defense," which included significant discussion of the parsimony clause.

It is clear that the court considered the defendant's parsimony clause argument but simply disagreed with the defendant and, despite using the word reasonable, imposed a sentence that was "sufficient,

but not greater than necessary." Accordingly, it is hereby ORDERED that the district court's order is AFFIRMED.